**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00268-CR**
_____

**WHITNEY FREEMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 22656**

**MEMORANDUM OPINION**

Appellant Whitney Freeman appeals from the trial court's judgment revoking her unadjudicated community supervision and adjudicating her guilty of the offense of possession of a prohibited substance in a correctional facility. On appeal, Freeman contends that the original indictment is fundamentally defective and void and thereby fails to give the trial court jurisdiction. The State argues that the indictment was sufficient to allege the offense, and that Freeman waived her right to complain about the indictment. We affirm the trial court's judgment.

## BACKGROUND

Freeman pleaded guilty to the offense of possession of a prohibited substance in a correctional facility. The trial court deferred an adjudication of guilt and placed Freeman on community supervision for a period of eight years and assessed a $500 fine. Subsequently, the State filed a motion to revoke Freeman's unadjudicated community supervision alleging that Freeman had violated the conditions of her community supervision. Freeman pleaded "true" to two violations, and the trial court found that Freeman had violated the conditions of her community supervision. After conducting a punishment hearing, the trial court found Freeman guilty of the offense of possession of a prohibited substance in a correctional facility, revoked Freeman's unadjudicated community supervision, and sentenced Freeman to a term of nine years in prison.

## ANALYSIS

In one issue on appeal, Freeman argues that the original indictment is fundamentally defective and void because it failed to allege the name of a controlled substance listed in the Controlled Substances Act. According to Freeman, Dihydrocodeinone is not specifically listed in any penalty group as a controlled substance.

2

"An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense." Tex. Const. art. V, § 12(b). "The practice and procedures relating to the use of indictments . . . including their contents, amendment, sufficiency, and requisites, are as provided by law." *Id.* The presentment of an indictment to a court invests the court with jurisdiction of the cause. *Id.* When evaluating whether an indictment alleges an offense, the critical determination is whether the allegations in it are clear enough that one can identify the offense alleged. *Teal v. State*, 230 S.W.3d 172, 180 (Tex. Crim. App. 2007). An indictment is constitutionally sufficient if the trial court and the defendant can identify what penal code provision is alleged and if that provision is one that vests jurisdiction in the trial court. *Id.* at 181.

If the defendant fails to object to a defect, error, or irregularity of form or substance in an indictment "before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding." Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005). An indictment charging a person with committing an offense, once presented, invokes the jurisdiction of the trial court, and jurisdiction is no longer contingent on whether the indictment contains defects of form or substance. *Teal*, 230 S.W.3d at

3

177. Because all substantive defects in indictments are subject to waiver, the existence of such defects does not render the indictment void. *See id.* at 178.

A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication community supervision is first imposed. *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). However, there is a "void judgment" exception to the general rule, which provides that a defendant can raise an issue on appeal from a revocation proceeding an error in the original plea proceeding if the error would render the original judgment void. *See Nix*, 65 S.W.3d at 667-68. Thus, if the original judgment imposing probation was void, then the trial court would have no authority to revoke probation. *Id.* at 668. One such situation in which the original judgment is void is when the indictment does not satisfy the constitutional requisites of a charging instrument, thus leaving the trial court with no jurisdiction over the defendant. *Id.* at 668.

A person commits the third-degree felony offense of prohibited substance in a correctional facility if the person "possesses a controlled substance or dangerous drug while in a correctional facility or on property owned, used, or controlled by a correctional facility[.]" Tex. Penal Code Ann. §§ 38.11(d), (g) (West 2011). The indictment alleges that Freeman did "[t]hen and there intentionally or knowingly

possess a controlled substance, namely Dihydrocodeinone, while in the Hardin County Jail, a correctional facility." The Texas Controlled Substances Act divides controlled substances that include a material, compound, mixture, or preparation containing the controlled substance into four Penalty Groups. *See* Tex. Health & Safety Code Ann. § 481.101 (West 2017). Penalty Group 3 consists of a material, compound, mixture, or preparation containing limited quantities of "dihydrocodeinone (hydrocodone), or any of its salts[.]" *Id.* § 481.104(4) (West 2017). Penalty Group 1 consists of "Hydrocodone not listed in Penalty Group 3[.]" *Id.* § 481.102(3)(A) (West 2017). The offense of prohibited substance in a correctional facility is a third-degree felony regardless of the amount of Dihydrocodeinone possessed. *See* Tex. Penal Code Ann. §§ 38.11(d), (g).

We conclude that the indictment clearly alleged the offense of possession of a prohibited substance in a correctional facility. We further conclude that because the indictment satisfied the constitutional requisites of a charging instrument, the original judgment placing Freeman on deferred adjudication community supervision is not void, and the trial court had jurisdiction to adjudicate Freeman's guilt. *See Nix*, 65 S.W.3d at 667-68. Moreover, because the "void judgment" exception does not apply, Freeman waived her right to complain about the indictment in any post-conviction proceeding by failing to object before she pleaded guilty. *See* Tex. Code

Crim. Proc. Ann. art. 1.14(b); *Teal*, 230 S.W.3d at 177. We overrule Freeman's sole

issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 14, 2017
Opinion Delivered July 19, 2017
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.